FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 30 2012

JAMES W. McCORMACK, CLERK
By: _____ SDuo _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Jennifer Mayweather, | : |
| Plaintiff, | : Civil Action No.: 4:12 cv 674 KGB |
| v. | : |
| Credit Control Company, Inc.; and DOES 1-10, inclusive, | : COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | : This case assigned to District Judge Baker and to Magistrate Judge Deere |

## COMPLAINT

For this Complaint, the Plaintiff, Jennifer Mayweather, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, et seq. ("AFDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jennifer Mayweather ("Plaintiff"), is an adult individual residing in North Little Rock, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Credit Control Company, Inc. ("Credit"), is an Arkansas business entity with an address of 10201 West Markham Street, Suite 104, Little Rock, Arkansas 72205, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Credit and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Credit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $700.00 (the "Debt") to MEMS (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Credit for collection, or Credit was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Credit Engages in Harassment and Abusive Tactics

12. Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff initially spoke with a female representative of Defendants named "Karen Bay," who informed Plaintiff that she owed Defendants approximately $700.00 for the alleged Debt.

14. Plaintiff then spoke with her health insurance company representative who stated that they paid their share and Plaintiff only owed $371.00 on the Debt.

15. Plaintiff called back Defendants and attempted to explain the situation with her health insurance, but Defendants responded by using a loud and aggressive tone with Plaintiff in an attempt to collect the Debt, such as cutting off Plaintiff while she was in mid-sentence, and attempted to mislead Plaintiff into the belief that her health insurance did not cover any of the Debt, and furthermore, that Plaintiff now owed over $1,000.00 to Defendants.

16. Moreover, Defendants led Plaintiff to believe that she had to deal with Defendants' attorneys regarding the Debt, and gave Plaintiff a telephone number to call.

17. In actuality, the phone number they gave to Plaintiff was a different telephone number of Defendants.

18. In addition, Plaintiff has yet to receive any written correspondence from Plaintiff informing her of her rights under Federal law, including her right to dispute the Debt.

19. More recently, Plaintiff has appealed the Debt with the original creditor, who informed Plaintiff that they would contact the Defendants and request them to all collection activity.

20. However, as recent as October 17, 2012, Defendants continued to place calls to Plaintiff falsely suggesting that they would "serve her papers" in regards to the Debt.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

4

28. The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq.*

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

36. The Defendants' conduct violated A.C.A. § 17-24-506(a) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

37. The Defendants' conduct violated A.C.A. § 17-24-506(b)(2) in that Defendants misrepresented the character, amount and legal status of the debt.

38. The Defendants' conduct violated A.C.A. § 17-24-506(b)(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

39. The Defendants' conduct violated A.C.A. § 17-24-506(b)(10) in that Defendants employed false and deceptive means to collect a debt.

40. The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

41. The Defendants' conduct violated A.C.A. § 17-24-508(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ARKANSAS DECEPRIVE TRADE PRACTICES ACT – A.C.A. § 4-88-101, *et seq.*

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq*.

46. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual damages and reasonable attorney's fees and costs.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

49. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arkansas.

50. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f) against the Defendants;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 24, 2012

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff